1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FORTE CAPITAL PARTNERS,                    No. C07-01237 MJJ

           Plaintiff,          **ORDER DENYING DEFENDANTS'**
**MOTION TO TRANSFER AND**
  v.                                       **DENYING DEFENDANTS' MOTION TO**
**DISMISS**
HARRIS CRAMER,

           Defendant.
_____/

## INTRODUCTION

Before the Court is Defendants Frank, Rosen, Snyder & Moss, LLP ("FRSM"); Alan L.

Frank Law Associates, P.C. ("Law Associates"); Alan L. Frank ("Frank"); and Marc H. Snyder's

("Snyder") (collectively, "Frank Rosen Defendants") Motion to Transfer[1] pursuant to 28 U.S.C. §

1404(a).  Also before the Court is Defendants Harris Cramer LLP ("Harris Cramer") and Michael D.

Harris ("Harris") (collectively, "Harris Cramer Defendants") and Frank Rosen Defendants' Motion

to Dismiss[2] pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  Plaintiff Forte Capital Partners,

LLC ("Plaintiff") opposes both motions and separately moves[4] to strike Defendants' reply briefs and

_____

[1]Docket No. 7.

[2]Docket Nos. 6 and 10.

[3]For purposes of this Order, the Court will refer to the Frank Rosen Defendants and the Harris Cramer Defendants collectively as "Defendants."

[4]Docket No. 25.

United States District Court
For the Northern District of California

1   supporting material on grounds that Defendants have improperly introduced new evidence and

2   raised new issues.  For the following reasons, the Court **DENIES** the Frank Rosen Defendants'

3   Motion to Transfer, **DENIES** Defendants' Motion to Dismiss, and **DENIES** Plaintiff's Motion to

4   Strike as moot.

5                                    **FACTUAL BACKGROUND**

6           This professional negligence action arises from Plaintiff's retention of Defendants' legal

7   services in connection with an underlying proxy solicitation.  Plaintiff sought to replace board

8   members of a third-party company, in which Plaintiff held stock.  The material allegations pertaining

9   to this motion are set forth below.

10           Plaintiff is a limited liability corporation organized under the laws of the State of Delaware,

11  with its principal and sole place of business in San Francisco, California.  (First Amended Complaint

12  ("FAC") at ¶ 1.)  Plaintiff was a holder of common stock, and of warrants to purchase common

13  stock, of SmartVideo Technologies, Inc. ("SmartVideo").  (*Id*. at ¶ 12.)  In May 2005, Plaintiff

14  concluded that SmartVideo's board of directors was committing corporate waste and that Plaintiff's

15  shares and warrants were being diluted by the wasteful issuance of new shares.  (*Id*. at ¶ 13.)

16  Plaintiff contacted Defendants for legal counsel regarding the appropriate course of action to replace

17  SmartVideo's board.  (*Id*. at ¶ 14.)

18           In or about May or June 2005, Defendants advised Plaintiff to conduct a proxy solicitation to

19  replace the SmartVideo board of directors.  (*Id*. at ¶ 15.)  At the advice of Defendant Frank, Plaintiff

20  retained Defendant Harris Cramer to represent Plaintiff in conducting the proxy solicitation.  (*Id*. at ¶

21  16.)  In pursuing the proxy solicitation, Defendants negligently failed: to request the required

22  Omnibus Proxy from the SmartVideo shareholder of record; to instruct Plaintiff of the necessity of

23  such request; to advise Plaintiff of the necessity of obtaining an Omnibus Proxy; to undertake a

24  reasonable investigation of the facts and law, which would have disclosed the necessity of an

25  Omnibus Proxy; to properly enforce the results of the proxy solicitation; to review the proxy

26  consents to assure they were in proper form; and to deliver a number of the proxy consents to

27  SmartVideo.  (*Id*. at ¶ 42.)  As a result of Defendants' professional negligence, hundreds of

28  thousands of shares there were voted in favor of Plaintiff's slate of directors were disqualified

1  thereby causing Plaintiff's proxy solicitation to fail.  (*Id.* at ¶ 30.)  As a result of Defendants' acts

2  and omissions, Plaintiff claims that it "lost millions of dollars."  (*Id.* at ¶ 40.)

3      Plaintiff asserts five causes of action arising from Defendants' actions: (1) Professional

4  negligence against all Defendants in connection with the proxy solicitation; (2) Negligent referral

5  against the Frank Rosen Defendants in recommending Plaintiff's retention of the Harris Cramer

6  Defendants; (3) Negligent misrepresentation against the Frank Rosen Defendants for representing

7  that the Harris Cramer Defendants were competent to represent Plaintiff in the proxy solicitation; (4)

8  Breach of written contract against Defendant Harris Cramer for failing to provide services with

9  reasonable care and skill; and (5) Breach of written contract against the Frank Rosen Defendants for

10  failing to provide services with reasonable care and skill.  (*Id.* at ¶¶ 41-66.)

11                                  **LEGAL STANDARDS**

12  **I.    Motion to Transfer**

13      Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides, "[f]or the

14  convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

15  action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

16      Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not

17  grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in

18  favor of transfer.  *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal.

19  2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v.*

20  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Under section 1404(a), the moving

21  party has the burden of showing that the balance of conveniences weighs heavily in favor of the

22  transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum.  *See*

23  *Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

24      A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court.

25  *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000).  The decision whether to grant

26  such a motion turns on the facts of the particular case.  *See id*.  In reviewing a motion to transfer, the

27  Court may consider the following factors to determine whether transfer is appropriate: (1) the

28  location where the relevant agreements were negotiated and executed; (2) the state that is most

United States District Court

For the Northern District of California

3

1  familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective

2  contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

3  forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

4  compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of

5  access to sources of proof.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000);

6  *Warfield v. Gardner*, 346 F. Supp. 2d 1033, 1043 (D. Ariz. 2004).

7          In order to meet its burden, the moving party must present affidavits or declarations to

8  establish the facts supporting transfer.  Hon. William W. Schwarzer, et al., *Federal Civil Procedure*

9  *Before Trial*, §§ 4:789 (2006).  The affidavits or declarations must be admissible evidence of the

10  facts involved—*i.e.*, nonhearsay statements by a competent witness.  *Id.*  Conclusory declarations

11  are not sufficient.  *Id.* (citing *Stop-A–Flat Corp. v. Electra Start of Michigan, Inc.*, 507 F. Supp. 647,

12  652 (E.D. Pa. 1981); N.D. Cal. Local Rule 7–5)).  A party seeking a transfer cannot rely on vague

13  generalizations as to the convenience factors.  *Id.* at § 4:790.  The party is obligated to identify the

14  key witnesses to be called and to present a generalized statement of what their testimony would

15  include.  *Id.* (citing *Heller Fin'l, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)).

16  **II.      Motion to Dismiss**

17          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

18  sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a

19  Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

20  Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News*

21  *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Generally, dismissal is proper only when the

22  plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a

23  cognizable legal theory.  *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d

24  780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

25  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Further, dismissal is

26  appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of

27  a claim.  *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).  In considering a Rule

28  12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and

**United States District Court**
For the Northern District of California

4

1    construes them in the light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d

2    428, 435 (9th Cir. 2000).

3                                          **ANALYSIS**

4    **I.      Motion to Transfer**

5           The Frank Rosen Defendants seek to transfer this action to the United States District Court

6    for the District of Delaware.  Without sufficient evidentiary support for their motion, they argue that

7    venue in California is improper because this action has no nexus with California.  They contend that

8    Delaware is more convenient venue because each of the Defendants reside in either Delaware or

9    Florida.  Plaintiff opposes transfer and argues that the Frank Rosen Defendants have failed to meet

10   their burden because their motion was devoid of any competent evidentiary support.  For this reason

11   alone, Plaintiff insists that the Court should deny the motion *ab initio*.  As additional support for its

12   opposition, Plaintiff offers its own evidence seeking to demonstrate that California is the only proper

13   venue for this action.  In their reply brief – for the first time – the Frank Rosen Defendants offer

14   evidence to support their motion to transfer.  Before addressing the merits of the pending motion to

15   transfer, the Court first turns to the issue of whether it may properly consider the Frank Rosen

16   Defendants' new evidence taken from their reply brief.

17          **A.      New Evidence in the Reply Brief**

18          In their reply brief, the Frank Rosen Defendants attribute their initial failure to properly

19   adduce competent evidence on grounds of "a rapidly approaching deadline to get a responsive

20   pleading filed" and because they did not have "all evidence necessary at the time of filing their

21   motion to transfer."  (Defs.' Reply at 2:4-6.)

22          The Ninth Circuit has held: "[w]here new evidence is presented in a reply to a motion for

23   summary judgment, the district court should not consider the new evidence without giving the

24   [non-]movant an opportunity to respond."  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)

25   (quoting *Black v. TIC Inv. Corp*., 900 F.2d 112, 116 (7th Cir. 1990)).  *See Williams v. Bowman*, 157

26   F. Supp. 2d 1103, 1105 (N.D. Cal. 2001) (applying same rule in the context of a motion to transfer

27   under section 1404.).

28          Although the Court finds that the Frank Rosen Defendants' excuses unavailing, the Court has

United States District Court

For the Northern District of California

5

nevertheless considered the new evidence.  However, after consideration of the evidence filed with the repy, as more fully explained below, the Court finds that for the convenience of the parties and witnesses, and in the interest of justice, transfer of this matter to the District of Delaware is not appropriate.  The Court will now address the merits of the Frank Rosen Defendants' motion to transfer.

**B.    Availability of Delaware as an Alternate Forum**

Section 1404(a) only authorizes transfer of an action "to another district or division where it might have been brought," therefore the Court must first determine whether Plaintiff could have originally brought this action in Delaware.  28 U.S.C. § 1404(a).  In determining whether this action could have been brought in Delaware, the parties' dispute focuses on whether the District of Delaware has personal jurisdiction over the parties.  The Frank Rosen Defendants insist that this action could have been brought in Delaware because Plaintiff is incorporated there, and because each of the Defendants have sufficient minimum contacts to establish personal jurisdiction there. Plaintiff argues there is no basis to conclude that this action could have been brought in Delaware because there is no evidentiary support to establish the that the Delaware District Court has personal jurisdiction over the Harris Cramer Defendants, Defendant Frank, or Defendant Law Associates.

However, because the Court denies the pending motion to transfer on the merits of the applicable convenience factors, the Court need not decide the issues of personal jurisdiction and whether the action may have been originally brought in Delaware.

**C.    Convenience Factors**

**1.    Location Where the Relevant Agreements Were Negotiated and Executed**

Neither of the parties substantively address this factor in their briefs.  However, as to the Harris Cramer Defendants, Plaintiff has submitted evidence that its retention of the Harris Cramer Defendants occurred in San Francisco.  (Declaration of Daniel McKelvey ("McKelvey Decl.") at ¶ 7, Ex. 1.)  Specifically, Plaintiff has offered the retention letter under which the Harris Cramer Defendants agreed to represent Plaintiff with the securities work associated with the preparation of the consent proxy solicitation.  (*Id.*)  According to Plaintiff, the retention agreement was negotiated between by Plaintiff and the Harris Cramer Defendants while the parties were in San Francisco and

6

Florida, respectively.  (*Id.* at ¶ 7.)  Plaintiff states that it signed this retention agreement in San Francisco.  (*Id.*)   As to the Frank Rosen Defendants, Plaintiff has submitted evidence that its retention of the Frank Rosen Defendants also occurred in San Francisco.  (*Id.* at ¶ 5.)  In particular, Plaintiff has presented testimony that the engagement letter under which the Frank Rosen Defendants agreed to represent Plaintiff was negotiated between Plaintiff and the Frank Rosen Defendants while the parties were in San Francisco and Pennsylvania, respectively.  (*Id.* at ¶¶ 4-5.) Plaintiff contends that it signed this retention agreement in San Francisco.  (*Id.* at ¶ 5.)

Because the Plaintiff's retention of Defendants is the basis for its current claims, and because the retention agreements were executed, in part, in San Francisco, the Court finds that this factor weighs against transfer.

### 2.       State Most Familiar with Governing Law

This factor also does not weigh in favor of transfer.  While the District of Delaware has a greater familiarity with law pertaining to the underlying consent proxy solicitation, Plaintiff's operative complaint is not limited to that issue alone.  Plaintiff's claims are grounded in professional negligence, negligent referral, negligent misrepresentation, and breach of contract. (*Id.* at ¶¶ 41-66.) This forum is equally as capable of handling these claims, thus, this factor is neutral.

### 3.       The Plaintiff's Choice of Forum

As noted above, there is a strong presumption in favor of a plaintiff's choice of forum. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).  There are situations, however, where a plaintiff's choice of forum is accorded less weight.  "[T]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint."  *See, e.g., Williams v. Bowman*, 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001).

In the current case, there is no basis to accord less weight to Plaintiff's choice of forum. First, Plaintiff has its principal place of business in San Francisco and is therefore located in this forum.  (McKelvey Decl. at ¶ 2.)  Second, there is no evidence in the record to conclude that this forum lacks a significant connection to the activities alleged in the operative complaint.  To the contrary, evidence adduced by Plaintiff indicates that there is a connection to this forum.  In

particular, Plaintiff points to the fact that Defendants were engaged here, the proxy solicitation emanated from here, communications between Plaintiff and shareholders regarding the proxy solicitation occurred here, and the proxy consents were received here. (*Id.* at ¶¶ 2, 8-10.) Accordingly, this factor weighs heavily against transfer.

### 4.     The Parties' Respective Contacts With the Forum

Plaintiff is incorporated in Delaware with its principal and sole place of business is in San Francisco. (*Id.* at ¶ 2; FAC ¶ 1.) Moreover, as described above, Plaintiff has offered evidence that Defendants had contact with this forum during the negotiation and execution of their respective retention letters. In contrast, Defendants have offered evidence that they personally appeared in the Delaware Chancery Court during their representation of Plaintiff. (Frank Decl. at ¶ 2.) Therefore, there is evidence that both parties had contacts with both forums. Accordingly, this factor is neutral and therefore does not weigh in favor of transfer.

### 5.     The Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

The Court must next assess contacts relating to Plaintiff's operative complaint in the Northern District of California. As the discussed in the preceding sections, all parties had contacts relating to Plaintiff's retention of Defendants within the Northern District of California. However, the parties also had contacts relating to Defendants' filing and maintaining of the underlying proxy solicitation litigation in the Delaware Chancery Court. Because Plaintiff's claims relate to the retention of Defendants, as well as Defendant's subsequently provided legal services, the Court finds that this factor is also neutral and therefore does not weigh in favor of transfer.

### 6.     The Difference in the Costs of Litigation in the Two Forums

Examining the difference in the cost of litigating this lawsuit in Delaware versus California, there is no evidence of any appreciable difference in the cost of litigation between the two forums. The Frank Rosen Defendants argue that the costs of obtaining attendance of willing witnesses compels transfer. However, they offer no evidence in support of their motion, or their reply, as to how they would incur greater costs in defending this action in California. They also fail to identify a single witness, and instead generally state that they will incur "great cost" if they are forced to

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    shuttle witnesses to California. *See Cochrane v. NVP Holdings, Inc*., 58 F. Supp. 2d 1113, 1119

2    (C.D. Cal. 1998) (stating that unsupported allegations are not sufficient to shift the moving party's

3    heavy burden of showing that transfer is appropriate). Rather than relying on "vague

4    generalizations" of inconvenience, the moving party must demonstrate, through affidavits or

5    declarations containing admissible evidence, who the key witnesses will be and what their testimony

6    will generally include. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th

7    Cir. 1979); *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). On the

8    other hand, Plaintiff has specifically identified the expected testimony of seven potential witnesses

9    who reside in California. (McKelvey Decl. ¶ 14.) In this case, either Plaintiff and its witnesses will

10    travel to Delaware, or Defendants and their witnesses will travel to California. A transfer will not be

11    ordered if the result is merely to "shift" the inconvenience from one party to another. Hon. William

12    W. Schwarzer, *supra*, at § 4:7:32 (citing *Reed Elsevier, Inc. v. Innovator Corp*., 105 F. Supp. 2d 816,

13    821 (S.D. Oh. 2000)). Accordingly, the Court finds that this factor weighs against transfer.

14         **7.**      **The Availability of Compulsory Process to Compel Attendance of**

15                      **Unwilling Non-Party Witnesses**

16        As to this factor, the Frank Rosen Defendants again fail to adduce any competent evidence as

17    to the identity of any non-party witnesses who are beyond the subpoena power of this Court. For

18    this reason, the Court cannot conclude that this factor weighs in favor of transfer. Thus, this factor is

19    neutral.

20            **8.**      **The Ease of Access to Sources of Proof**

21        Finally, the Court must analyze whether the parties' respective evidence is more readily

22    available in the Northern District of California or in the District of Delaware. As to documentary

23    evidence, the Frank Rosen Defendants have again failed to adduce competent evidence as to the

24    quality or quantum of evidence located in Delaware that would justify a transfer there. In

25    opposition, Plaintiff has offered evidence to support its contention that voluminous amounts of e-

26    mails, communications, proxy materials, drafts, and notes exist in Plaintiff's office in San Francisco.

27    (McKelvey Decl. at ¶ 16.) As to witnesses and testimonial evidence, the Court has already

28    concluded that the Frank Rosen Defendants have failed to demonstrate a compelling reason to

United States District Court

For the Northern District of California

1    transfer the action.  Accordingly, the Court finds that this factor weighs against transfer.

2         Here, none of the convenience factors weigh in favor of transfer.  Because four of the factors

3    weigh against transfer, and the remaining four factors are neutral, this Court finds that the Frank

4    Rosen Defendants have failed to meet their burden of establishing that the balance of inconveniences

5    weighs heavily in favor of transferring the action to the District of Delaware.  As noted above,

6    Plaintiff's choice of forum merits substantial deference.  Because the balance of the section 1404

7    factors does not weigh strongly in favor of transfer, Plaintiff's choice of forum will not be disturbed.

8    The Court therefore **DENIES** the Frank Rosen Defendants' Motion to Transfer.

9         Having concluded that transfer is not appropriate, the Court now turns to the motion to

10   dismiss brought by the Frank Rosen Defendants and the Harris Cramer Defendants (hereafter

11   collectively, "Defendants").

12   **II.        Motion to Dismiss**

13        In their joint motion, without citing any legal authority, Defendants argue that the Court

14   should dismiss the operative complaint because Plaintiff's claim for damages is based "solely on

15   speculation and conjecture."  According to Defendants, damages are speculative because no witness

16   will be able to predict with a requisite degree of certainty how well a new board of directors would

17   have performed had the proxy solicitation been successful.  Defendants also argue that there is "no

18   evidence" to support Plaintiff's claims.  Plaintiff responds by insisting that it has sufficiently pled

19   the nature of its damages, and that it need not plead specific evidentiary details in order to survive a

20   Rule 12(b)(6) motion.

21        Rule 8(a)'s simplified pleading standard applies to all civil actions except as required by the

22   Federal Rules or imposed by statute.  Hon. William W. Schwarzer, *supra*, § 8:63 (citing

23   *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 513–14 (2002); *Crawford-El v. Britton*, 523 U.S. 574,

24   595 (1998); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) ("nearly all of

25   the circuits have now disapproved any heightened pleading standard in cases other than those

26   governed by Rule 9(b).")).  This simplified notice pleading standard relies on liberal discovery rules

27   and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious

28   claims.  *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Leatherman v. Tarrant County*

1  *Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993)).

2       Here, Plaintiff has generally alleged that it has "lost millions of dollars," and has specifically

3  alleged as to each claim that it has "suffered damages in an amount to proved . . . ."  (FAC ¶¶ 40, 43,

4  50, 56, 61, 66.)  However difficult it might be to prove these damages at trial, ultimately Plaintiff's

5  damages is a question of fact subject to proof, and is inappropriate to support this motion to dismiss.

6  *See e.g., NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal.

7  2005).  For this reason, the Court finds Defendants' motion unconvincing.

8       Finally, the Court now addresses a new argument raised by the Frank Rosen Defendants in

9  their reply.  Specifically, they contend, without citing any applicable legal authority, that Plaintiff's

10  claim for negligent misrepresentation fails because it does not meet the heightened pleading

11  requirements of Rule 9(b).  Rule 9(b) requires claims "grounded in fraud" to be pleaded with

12  sufficient particularity, "[h]owever, it is well established that the particularity requirement in Rule

13  9(b) applies only to allegations of fraud [and not to allegations of negligent misrepresentation]."

14  *Marcano v. Northwestern Chrysler-Plymouth*, 550 F. Supp. 595, 603 (N.D. Ill. 1982); *see also Flovd*

15  *v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823, 834 (E.D. Pa. 2001) (stating that

16  negligent misrepresentation claims are outside the scope of Rule 9(b)); *Bush v. Rewald*, 619 F. Supp.

17  585, 608 (D. Haw. 1985) (denying motion to dismiss stating that common-law negligent

18  misrepresentation claim need not be pled with particularity under Rule 9(b)).  Because the Frank

19  Rosen Defendants' legal contention is incorrect, the Court finds this argument highly unpersuasive.

20       For these reasons, the Court **DENIES** Defendants' Motion to Dismiss.

21  **CONCLUSION**

22       For the foregoing reasons, the Court **DENIES** the Frank Rosen Defendants' Motion to

23  Transfer, **DENIES** Defendants' Motion to Dismiss, and **DENIES** Plaintiff's Motion to Strike as

24  moot.  The hearing currently scheduled for May 8, 2007 is hereby **VACATED**.

25

26  **IT IS SO ORDERED.**

27  Dated: May_5_, 2007

                                                       

28                                          MARTIN J. JENKINS
                                        UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California