IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIS CRAMER, LLP, *et al.*, <br><br> Defendants. _____/ | No. C 07-1237 SBA <br><br> **ORDER** <br><br> [Docket No. 112] |

This matter comes before the Court on Plaintiff's "Objections to Magistrate's Order on Plaintiff's Motion to Compel Defendant Alan Frank to Appear for Completion of Deposition," (Objection), [Docket No. 112] and Defendants' Response [Docket No. 114]. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court hereby DENIES the Objection. [Docket No. 112].

**Background**

This motion involves a discovery dispute between the Plaintiff, Forte Partners, LLC, and Defendants Alan Frank and his law firms, "Frank, Rosen, Snyder & Moss, LLP," and the "Law Offices of Alan L. Frank & Associates."[1] The discovery dispute came on for hearing on October 10, 2008 and the magistrate's denial of plaintiff's "Motion to Compel Defendant Alan Frank to Appear for Completion of Deposition" (Motion to Compel) is the subject of this Rule 72(a) objection.

The dispute over Alan Frank's deposition arose in the following manner. The parties could not agree to how many days of deposition would be permitted for each party. In the Joint Case Management Conference, they stipulated to the following: "[t]he parties do agree to allowing two days for party depositions only." [Objection, p. 3]. Plaintiff noticed the F.R.Civ.P. 30(b)(6)

---

[1] Defendants Harris Cramer, L.L.P.; Michael D. Harris; and Marc H. Snyder are also parties to this suit, but are not involved in this motion.

depositions of the two law firm defendants for August 27, 2008. Defendant Alan Frank's personal deposition was set for August 29, 2008.

On August 27, 2008, Alan Frank appeared as his law firms' designee for the Rule 30(b)(6) deposition. He testified for seven hours on August 27 and seven hours on August 28. On August 28, the following exchange occurred:

> BY MR. SPANNER:
>
> Q: The question to you, Mr. Frank, is: Whether you are the person most knowledgeable as to each of the categories of this 30(b)(6) Deposition Notice?
>
> A: Good morning, Mr. Spanner. The answer is yes.

[Docket No. 85, Ex. 6, Depo. of Alan Frank at 4:8-12].

> Q: Do you recall seeing this document before?
>
> A: Just one moment, please.
>
> * * *
>
> BY THE WITNESS:
>
> A: I did not see this. Mr. Spanner, I have a little confusion, because a moment ago you asked me if I was a 30(b)(6) designee deposition and I said yes. So the answer I just gave you is based on my personal knowledge, is that what you were asking me or were you asking me to respond on behalf of one or more of the companies for which I am serving today as a designee?
>
> BY MR. SPANNER:
>
> Q: *Well, I'm having trouble with that question because I don't know how your knowledge would be any different, in a sense that you know what you know.*

[*Id*. at 7:13-8:10 (emphasis added)].

At the end of the deposition on August 28, defense counsel objected, on the record, to producing Mr. Frank for more than the two seven-hour days of depositions. *Id*. Nevertheless, Alan Frank returned for his personal deposition the next day, but left after two hours of testimony. The following reasons were given: 1) Mr. Frank had been deposed enough; and 2) Defendants' counsel had a plane to catch. [Objection, p. 3].

On September 11, 2008, plaintiff filed the Motion to Compel. [Docket No. 68]. In its Motion to Compel, plaintiff argued that:

> Mr. Frank should be compelled to complete his deposition on the grounds that Defendants' counsel refuses to produce Mr. Frank for the remainder of his deposition, even though there is a stipulation between counsel in this case that parties can be deposed for two days, and even though Mr. Frank has only been deposed in his individual capacity for less than three hours.

The sole reason stated for continuing the deposition was to ask Mr. Frank about a November 18, 2007 letter. [*Id.*, pp. 6-14].

The November 18, 2007 letter was the subject of vigorous dispute during the 30(b)(6) deposition. Prior to the October 10, 2008 hearing, Magistrate Judge Laporte determined that the November 18, 2007 letter was a privileged document.

There are no written findings in the magistrate's order denying the plaintiff's Motion to Compel, however, the Court has reviewed an audio recording of the proceedings.

The magistrate informed the parties that she would not compel Mr. Frank's deposition for the sole purpose of asking about the November 18, 2007 letter because of her previous ruling that it is privileged. Plaintiff stated there were additional issues about which they wished to question Mr. Frank. The additional issues were not in the moving papers. Plaintiff's second reason for completing the deposition was that the parties had stipulated to "two days per party" and plaintiff was entitled to more time with Mr. Frank, the individual, versus the 30(b)(6) deponent. Defendant objected on the basis that during Mr. Frank's deposition it was made clear that there was no difference between Frank's personal answers and his answers as a 30(b)(6) witness. In fact, the law firms no longer exist and Mr. Frank is the only person available to answer questions.

After hearing argument from both sides, the magistrate determined that the stipulation regarding the number of days per deposition was ambiguous. The magistrate denied the Motion to Compel without prejudice and ordered the parties to meet and confer to determine whether there was a legitimate basis for taking additional time to depose Mr. Frank. [*See* Minute Entry, Docket No. 107, 10/10/2008].

The October 16, 2008 order (Order) states: "[t]he parties are hereby ordered to meet-and-confer to determine whether Mr. Frank may be deposed further.  Said meet-and-confer shall be concluded within ten days after entry of this Order."  [Docket No. 111].

Plaintiff filed the pending Objection on October 17, 2008.  Plaintiff made no reference to whether the parties had complied with the meet and confer requirement.  The Defendants' response, filed twelve days after plaintiff's objection, states that "[t]he parties are currently meeting and conferring regarding the further deposition of Mr. Frank."  [Docket No. 114, p. 2].  The date by which the parties were to have met and conferred was October 26, 2008.

Plaintiff opposes Judge Laporte's Order, on the basis that the Order is clearly erroneous and contrary to law pursuant to F.R.Civ.P. 72(a).  Finally, the Court notes that while plaintiff's Objection was pending, plaintiff filed another motion to compel.  [Docket No. 116].

**Legal Standard**

**A.     F.R.Civ.P. 72(a) Provides:**

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision . . . . The district judge in the case must . . . modify or set aside any part of the order that is "clearly erroneous or contrary to law.

**B.     F.R.Civ.P. 30(b)(6) States:**

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers . . . or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

4

The Rule 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit. *Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544, *1 (S.D.N.Y., 2001). However, the deposing party does not have "carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." *Id*.

Rather, the Court is called upon in each case to make a fact intensive inquiry as to whether a particular witness should or should not be required to submit to questioning which exceeds seven hours in length. *Miller v. Waseca Med Ctr.*, 205 F.R.D. 537, 540 (D. Minn. 2002).

## Analysis

### I. Clear Error

As the Supreme Court stated in *United States v. United States Gypsum Co.,* "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

"Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 574 (1985).

In plaintiff's Motion to Compel, it presented only one reason to compel completion of the deposition: to ask questions about the November 18, 2007 letter. Having previously determined the November 18, 2007 letter privileged, Magistrate Judge Laporte denied the motion. This decision was fully supported by the evidence before her and is not clearly erroneous. Furthermore, Magistrate Laporte permitted additional argument on whether Mr. Frank's deposition should be compelled. The plaintiff said it had other reasons to wish to complete the deposition, aside from the one presented in the moving papers, so the magistrate ordered the parties to meet and confer in an attempt to settle the disagreement. Thus, the plaintiff offered no evidence at the hearing to support a different decision. There is no evidence to support a finding that the magistrate judge committed an error based on the evidence.

5

**II.     Contrary to Law**

"The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. County of Kern*, 2008 WL 4217742 (E.D. Cal.). In order to find the magistrate's Order 'contrary to law,' the court must find that she misapplied either contract law or Federal Rule of Civil Procedure 30(b)(6).

**A.     The Joint Case Management Statement is Governed by Contract Law**

The Joint Case Management Statement provides for "two days for party depositions." [Docket No. 35]. A stipulation [here, the Joint Case Management Statement] is a contract and is governed by the principles of contract law. *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir. 1989).

> Under California law, the determination of whether a written contract is ambiguous is a question of law that must be decided by the court. Even if the written agreement is clear and unambiguous on its face, the trial judge must receive relevant extrinsic evidence that can prove a meaning to which the language of the contract is "reasonably susceptible."

*City of Santa Clara v. Watkins,* 984 F.2d 1008, 1012 (9th Cir. 1993); see also *In re Crow Winthrop Operating P'ship*, 241 F.3d 1121, 1124 (9th Cir. 2001).

Plaintiff argues that the stipulation is unambiguous and the magistrate erred in considering the defendant's interpretation of it, which was offered by the defendant in its Opposition to the Motion to Compel:

> It was defense counsel's intent in entering this agreement that parties such as Mr. Frank would only be subject to a maximum of two seven hour days no matter how the depositions were noticed. . . . At no time did counsel for the Frank Rosen Defendants anticipate that the stipulation would allow counsel for plaintiff to depose Mr. Frank for two days as an individual defendant and for an additional two days as the representative for Frank, Rosen, Snyder, & Moss, LLP. The stipulation was that Mr. Frank would be deposed for two total days as a party in either his capacity as an individual or as the FRCP 30(b)(6) representative for Frank, Rosen, Snyder & Moss, LLP.

6

1 [Opposition to Motion to Compel, p. 3].

2 At the hearing on the motion to compel, Magistrate Laporte stated that the stipulation was
3 ambiguous.  So the plaintiff argues that if the judge considered the defendant's point of view, she
4 misapplied contract law, and if she did not consider the defendant's point of view, then "there is no
5 basis for her ruling." [Objection, p. 4].  Either way, reasons the plaintiff, the magistrate erred in not
6 ruling in its favor.  The plaintiff is wrong because "[u]nder California law, the determination of
7 whether a written contract is ambiguous is a question of law that must be decided by the court."
8 *City of Santa Clara* at 1012.  If the stipulation is reasonably susceptible to two meanings, as the
9 magistrate found it to be, then it is not improper to consider extrinsic evidence.  Yet this Court finds
10 no evidence that the magistrate found the stipulation ambiguous *because* she relied on defendants'
11 unexpressed subjective intent.  However, this is really an academic point because, in effect, the
12 plaintiff succeeded in persuading the defendant to produce the deponent for a third day of testimony
13 and so its dispute is not with the interpretation of the contract so much as the amount of time he was
14 entitled to have under the contract.

15 As for Mr. Frank's status as a F.R.Civ.P. 30(b)(6) witness, plaintiff argues that it is entitled
16 to complete an additional deposition of Mr. Frank because he had only been deposed as a corporate
17 representative and an individual deposition must be completed as well.

18 There is nothing in the Federal Rules of Civil Procedure or caselaw that legitimates taking
19 the full seven hours to depose a person when there is no purpose for it.  In *Miller v. Waseca Medical*
20 *Center,* defendants sought an extension of time to depose the plaintiffs and to compel production.
21 The Court held that "the Court is called upon in each case to make a fact intensive inquiry as to
22 whether a particular witness should or should not be required to submit to questioning which
23 exceeds seven hours in length."[2]  205 F.R.D. 537, 540.  Each case presents a unique set of
24 circumstances.  *Id.*

25 Plaintiff stated in the Motion to Compel that it wanted to ask about a privileged document,
26 which had been excluded by the magistrate.  That was the only reason the plaintiff gave in its

---

[2] Two days as stipulated to here.

7

moving papers, yet the magistrate permitted plaintiff additional time to meet and confer with the defendant to discuss permissible lines of inquiry to justify compelling the deposition.

The court conducted a fact-intensive inquiry into whether Mr. Frank should be compelled to submit to additional questioning. This is not contrary to law and thus is no basis to overrule the order denying the Motion to Compel.

**Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's Objections to Magistrate's Order on Plaintiff's Motion to Compel Defendant Alan Frank to Appear for Completion of Deposition [Docket No. 112] is DENIED.

IT IS SO ORDERED.

Dated: 11/14/08                    SAUNDRA BROWN ARMSTRONG
                                   United States District Judge

8