IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC,<br>         Plaintiff,<br>   v.<br>HARRIS CRAMER, LLP, et al.,<br>         Defendant. | No. 07-01237 SBA<br>**ORDER**<br>[Docket No. 154] |

Before the Court is Plaintiff's Application for Administrative Relief to Strike Defendants' Motions for Summary Judgment. The Plaintiff correctly observes that the Court's Local Rules and this Court's Standing Orders require that parties meet and confer before filing any motions with the Court, including motions for summary judgment. Further, the plaintiff is correct that this Court requires the parties to certify that they have complied with the meet-and-confer requirement.

Neither the Harris Cramer Defendants nor the Frank Rosen Defendants certified their compliance with the meet-and-confer requirement when they filed motions for summary judgment. The defendants' failure to meet-and-confer with the plaintiff prior to filing their motions for summary judgment is a serious omission indeed. However, it is not grounds for granting the sanction requested by the plaintiffs, that is, striking the dispositive motions in their entirDecember 22, 2008ety.

The plaintiff relies on this Court's decision in *Centillium Communications, Inc. v. Atlantic Mut. Ins. Co.*, 2008 WL 728639 (N.D. Cal. 2008) for support that "failing to follow the Court's order will result in adverse consequences," such as striking dispositive motions or dismissing a case. In *Centillium*, a party's failure to meet-and-confer prior to filing a motion for partial summary judgment resulted in the motion being stricken. However, the procedural posture of the case

permitted it without undue prejudice to the party because the motion was filed three months prior to the dispositive motion cut-off date, and could be timely re-submitted. In the above-captioned case, the defendants timed the filing of their motions for summary judgment in order for them to be heard by the dispositive motion cut-off in the case, which is January 13, 2009. Clearly, if the Court struck the motions, as requested by the plaintiff, the defendants would have no recourse but to petition the Court to vacate all the pre-trial dates and re-set them, in order to have their opportunity to file a timely dispositive motion. Such result prejudices not just the moving party, but both parties.

For these reasons, the Court DENIES the plaintiff's Application for Administrative Relief to Strike Defendants' Motions for Summary Judgment as a sanction for failure to comply with the meet-and-confer requirement.

IT IS SO ORDERED.

Dated: 12/24/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

2