UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| FORTE CAPITAL PARTNERS, LLC, | ) | No. C 07-01237 SBA |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | [Docket Nos. 128, 144, 178, 202, 210, 213] |
| HARRIS CRAMER, LLP,. et al, | ) ) | |
| Defendants. | ) ) ) | |

On January 20, 2009, this court heard oral argument on the motions for summary judgment brought by Defendants Harris Cramer [Docket No. 128] and Frank Rosen [Docket No. 144]. Also before the Court were Plaintiff's Request for Judicial Notice [Docket No. 178], Motion to Strike portions of the defendants' reply briefs, or in the alternative, file a sur-reply [Docket No. 202], Supplemental Motion to Strike the Motion for Summary Judgment and to Strike the Reply to Plaintiff's Opposition [Docket No. 210], Supplemental Motion to Strike portions of the defendants' reply briefs, or in the alternative, file a sur-reply [Docket No. 213].

For the reasons discussed at the hearing, and in consideration of the motions, the supporting, opposing and reply memoranda, the evidence before the Court, and the arguments of the parties, the Court makes the following determinations:

1. The Harris Cramer Defendants' Motion for Summary Judgment on Counts One and Four of the First Amended Complaint is DENIED. [Docket No. 128].

2. The Frank Rosen Defendants' Motion for Summary Judgment on Counts One, Two, Three and Five of the First Amended Complaint is DENIED as to Counts One and Five, and GRANTED as to Counts Two and Three. [Docket No. 144].

3. Counts One and Five against the Frank Rosen Defendants are limited in scope to the factual allegations stated in paragraph 42(g) of the First Amended Complaint: "failing to deliver a number of the proxy consents to SmartVideo."

4. The Plaintiff's Request for Judicial Notice is GRANTED. [Docket No. 178].

5. The Plaintiff's Motion to Strike and two Supplemental Motions to Strike portions of the defendants' reply briefs are DENIED AS MOOT. [Docket Nos. 202, 210, 213].

Furthermore, the Court, having considered the motions, the supporting, opposing and reply memoranda, and the evidence before the Court, determines that Pennsylvania law shall apply to the professional negligence claim in Count One of the First Amended Complaint.

A district court in a diversity case must apply the law of the state in which it sits to a choice of law analysis. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941); *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir.1987). The parties present competing choice-of-law standards. The parties present the Court with competing choice-of-law principles: the "governmental interest" test and the "corporate internal affairs doctrine."

Defendants argue that in negligence actions, such as this one, California's approach to choice of law questions focuses on the "governmental interest" of each state involved in the litigation. *Waggoner v. Snow, Becker, Kroll, Klaris & Krauss* 991 F.2d 1501, 1506 (9th Cir. 1993). This approach has two prongs. First, the Court must determine whether there is a true conflict between the laws of the two jurisdictions on the issue presented by the litigation. Second, having established the existence of a true conflict between states, the Court must apply the law of the state whose interest would be more impaired if its law were not applied.

Plaintiff favors application of the "corporate internal affairs doctrine," where the law of the state of incorporation is applied to disputes involving the relevant corporate governance general standard of care, in spite of competing choice-of-law theories. *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal.App.4th 434, 442 (Cal.App. 2 Dist. 2003). Application of this test favors applying Delaware law to the claims because Plaintiff is incorporated in Delaware, among other reasons.

Because this is a professional negligence action rather than a lawsuit over internal corporate matters, the Court applies the *Waggoner* test. First, the Court finds that a true conflict of laws exists because in Pennsylvania, a plaintiff in a legal malpractice case will be absolutely barred from recovery where there is evidence of contributory negligence. *Gorski v. Smith*, 812 A.2d 683, 701 (Pa. Super. 2002). Second, having found a true conflict, the Court finds that if

Delaware law were applied, Pennsylvania would suffer more than Delaware because Pennsylvania has stated a clear interest (however unpopular in other jurisdictions) in barring the recovery by some plaintiffs who are contributorily negligent. The Court concludes, therefore, Pennsylvania law shall apply to the professional negligence claim.

      IT IS SO ORDERED.

DATED: 1/22/09

                                                    _____
                                                    HON. SAUNDRA B. ARMSTRONG
                                                    United States District Judge