UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, | No. C-07-1237 EMC |
| Plaintiff, | **ORDER DENYING TRIAL & TECHNOLOGY LAW GROUP'S APPLICATION FOR ORDER TO SHOW CAUSE; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VACATE OR MODIFY; AND FINDING AS MOOT TRIAL & TECHNOLOGY LAW GROUP'S MOTION TO STRIKE** |
| v. | |
| HARRIS CRAMER, LLP, *et al.*, | |
| Defendants. | |
| _____/ | **(Docket Nos. 308, 325, 335)** |

Currently pending before the Court is a dispute between Plaintiff Forte Capital Partners, LLC and its former counsel, Trial & Technology Law Group ("TTLG"). Previously, TTLG and Forte had a dispute over fees and costs which led to TTLG seeking an equitable lien over the settlement proceeds. The Court denied that motion on July 21, 2009. *See* Docket No. 300 (order). TTLG now argues that Forte should be held in contempt because it failed to comply with part of the Court's order of July 21 -- more specifically, by not paying costs owed to vendors. In turn, Forte argues that that portion of the July 21 order should be vacated or modified.

A hearing was held on the parties' dispute on December 8, 2009. This order memorializes the rulings made by the Court at the hearing and, where necessary, provides additional rulings and/or analysis.

(1) The Court rejects Forte's argument that the prior order constituted an injunction. At the time, the issue before the Court was whether TTLG was entitled to an equitable lien. The Court did not decide the issue with respect to the costs owed to vendors because Forte voluntarily

stipulated that it would pay those costs. Based on that stipulation, the Court treated that part of the motion for equitable lien as moot. The Court's order embodies that stipulation. The Court did not issue an injunction after a contested motion.

(2) The Court also rejects TTLG's contention that Forte disobeyed the prior order. Under Ninth Circuit law, "[t]he party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *Go-Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 694 (9th Cir. 1993) (internal quotation marks omitted). Here, TTLG has not met this high standard. The Court's prior order stated that Forte is obligated to pay the vendors only when the parties reach agreement as to the amount owed to the vendors. The evidence reflects that no agreement was reached. For example, Forte contacted the vendors to confirm the amounts due but not all of the vendors responded to Forte's inquiries.[1] "[A] party should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]." *Id.* (internal quotation marks omitted).

(3) The Court shall not vacate nor reconsider its prior order. As noted above, the equitable lien vis-a-vis the costs owed to vendors became a moot point only because Forte voluntarily stipulated to payment of the costs. The order reflects judicial estoppel fairly applied.

(4) To the extent Forte seeks modification of the prior order, the Court shall not modify the order to expressly permit payment of any secured or unsecured creditors prior to the vendors. Because the motion for equitable lien as to costs was obviated by the stipulation, these costs should be given the same priority as an equitable lien -- including priority over secured and unsecured creditors. In short, these costs must be paid and are not subject to payment of other creditors. However, the Court shall modify the order to give Forte a date certain by which to pay the vendors. In addition, the Court shall modify the order to make it clear that, before Forte is obligated to pay any vendors, it has the right to verify the costs owed. Forte may dispute the costs owed only if it has a good faith basis for doing so. Finally, the Court shall modify the order to make it clear that the

---

[1] Contrary to what TTLG argues, the fact that Forte admittedly contacted all of the vendors does not mean that all of them necessarily responded.

1 Court is not expressing any opinion on whether Forte is entitled to seek any reimbursement of the
2 costs from TTLG. Nor is the Court precluding Forte from seeking such reimbursement.

3     (5) The Court finds TTLG's motion to strike moot. As noted above, the Court has not
4 revisited the merits of its prior order. As to TTLG's contention that the evidence submitted by Forte
5 contains improper conclusions, the Court is able to evaluate the evidence on its own.

6     (6) In accordance with the above, the Court orders the parties to meet and confer in good
7 faith to determine whether they can reach agreement on what costs are still outstanding and when
8 those costs should be paid. More specifically:

9     (a) By December 11, 2009, Forte shall give to TTLG a list of vendors to whom
10 Forte allegedly owes costs and specifically list any additional verification or other information it
11 needs. TTLG shall cooperate with Forte so that Forte can get the information needed (*e.g.*, consent
12 from TTLG that Forte may talk to the vendors directly). Any information needed from TTLG
13 directly (such as consent) should be supplied no later than December 14, 2009.

14     (b) By December 18, 2009, the parties shall meet and confer to resolve any
15 remaining disputes about the costs owed.

16     (c) By December 20, 2009, Forte shall inform TTLG and the Court of a date
17 certain by which all vendors shall be paid.

18     (d) If the parties have any remaining disputes about the costs owed to vendors
19 after the meet and confer, then they shall file a joint letter by December 23, 2009, describing what
20 the disputes are and the parties' respective positions. The joint letter shall be no longer than three
21 (3) single-spaced pages.

22 This order disposes of Docket Nos. 308, 325, and 335.

23
24 IT IS SO ORDERED.
25
26 Dated: December 10, 2009

27 _____
    EDWARD M. CHEN
28     United States Magistrate Judge