UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTE CAPITAL PARTNERS, LLC, | No. C-07-1237 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S LETTER OF MARCH 10, 2010** |
| HARRIS CRAMER, LLP, *et al.*, | **(Docket No. 354)** |
| Defendants. _____/ | |

Previously, the Court ordered Forte to provide a declaration regarding costs owed to vendors. The Court further ordered that the parties provide a joint letter to the extent that any issues remain unresolved. *See* Docket No. 352 (order). On March 10, 2010, Forte submitted a declaration as ordered. *See* Docket No. 353 (McKelvey Decl.). However, no joint letter was filed. Forte, however, did provide a letter in which it explained and provided proof that it had attempted to work with TTLG to provide a letter to the Court. *See* Docket No. 354 (letter). Having reviewed the declaration and letter from Forte, the Court hereby rules as follows.

(1) The Court deems TTLG's failure to provide information for a joint letter as a concession that there are no outstanding disputes regarding costs owed to vendors.

(2) To the extent TTLG might argue that the Court's prior orders have required proof of satisfaction from the vendors themselves, *see* Docket No. 354 (Ex. A) (e-mail), TTLG is incorrect. The Court's order of February 3, 2010, simply required proof of satisfaction. It did not state that that proof had to come from the vendors themselves. *See* Docket No. 348 (order). The Court's order of March 10, 2010, specifically allowed for a declaration from Forte.

  (3) To the extent TTLG argues that the Court has required payment of late charges and interest to any vendors, *see* Docket No. 354 (Ex. A) (e-mail), TTLG again is incorrect.  The Court required Forte to pay the costs owed to vendors.  *See* Docket No. 300 (Order at 3).  If a vendor decided that it would waive any interest or penalties assessed, that is the decision of the vendor.

  (4) The Court finds the McKelvey declaration submitted by Forte adequate.  Thus, the Court shall not at this juncture require any further proceedings.  The Court advises Forte, however, that, consistent with the Court's order of July 21, 2009, *see* Docket No. 300, it is expected to pay any costs owed to Video Depositions.

  IT IS SO ORDERED.

Dated:  March 12, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

2